UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

MANAGING DIRECTORS' LONG TERM
INCENTIVE PLAN, BY AND THROUGH
THE COMMITTEE AS PLAN
ADMINISTRATOR,

                    *Plaintiff,*

    *-against-*

KARA BOCCELLA,

                    *Defendant.*

---------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-6-15

14 Civ. 7033 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Managing Directors' Long Term Incentive Plan (the "Plan"), by and through the Committee as Plan Administrator (the "Committee") (collectively, "Plaintiff") seeks a declaratory judgment against Defendant Kara Boccella ("Boccella" or "Defendant") that she has engaged in prohibited competition activity as defined in the Plan and accordingly is not entitled to any benefits under the Plan.

Boccella moves, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2), to dismiss the claim for lack of subject matter jurisdiction over the claim and personal jurisdiction over Boccella; and in any event, for the Court to abstain from exercising jurisdiction over the declaratory judgment action because of a pending suit in California state court. The motion to dismiss is granted.

1

## BACKGROUND

Boccella is a former Managing Director of KLS Professional Advisor Group LLC ("KLS"). Compl. ¶ 4. KLS offers "wealth management services nationwide to high net-worth clients" from offices in New York and Los Angeles. *Id.* ¶ 8. Boccella began working in the New York office of KLS in 1995. *Id.* ¶ 11. In 2007, KLS promoted Boccella to Managing Director and in 2010, Boccella relocated to California to serve as Managing Director in KLS's Los Angeles office. *Id.* ¶¶ 12-13.

The Plan is a "top hat, unfunded," "employee welfare benefit plan as defined in and subject to ERISA;" the Committee is "the Plan Administrator" and "fiduciary of the Plan;" and "KLS is the Plan Sponsor." Pl. Mem. at 2-5; Compl. ¶¶ 24-27. Boccella signed certain employment-related documents to become a member of the Plan, including confidentiality, non-solicit, and non-acceptance provisions which are incorporated into the Plan—the Plan states that participants are not entitled to benefits if they have engaged in "Prohibited Competition Activity as defined in [the] Employment Agreement." Compl. ¶¶ 14-15; Safer Decl. Ex. 1, § 2(a). Boccella became a Plan participant the day she signed these documents. Compl. ¶ 15.

On June 12, 2014, Boccella gave KLS sixty days written notice of her resignation, and on August 11, 2014, Boccella resigned from KLS. *Id.* ¶¶ 20-21. Also on June 12, 2014, Boccella sued KLS in California Superior Court, alleging that the Employment Agreement she signed, and on which payment of benefits under the Plan is contingent, was unenforceable under California law. *See* Safer Decl., Ex. 3.[1] KLS moved to compel arbitration of Boccella's claims in that suit. *Id.* Ex. 6.

---

[1] The Court takes judicial notice of the filings in that suit. *Int'l Strategies Grp. v. Ness*, 645 F.3d 178, 180 (2d Cir. 2011). The Court also takes judicial notice of documents incorporated into the complaint by reference or integral to the complaint. *Nielsen v. AECOM Tech. Corp.*, 2012 WL 6200613, at *1 n.1 (S.D.N.Y. Dec. 11, 2012).

On August 28, 2014, the Committee sent Boccella a letter stating that she was not entitled to benefits under the Plan because she had engaged in prohibited competitive activity, *id.* Ex. 8, and as such "the Committee properly denied benefits to Boccella pursuant to the terms of the Plan." Compl. ¶ 22.

Plaintiff claims that a "substantial controversy exists between Plaintiff and Boccella regarding Plaintiff's duties and responsibilities to obtain benefits under the Plan, the amount of benefits Defendant is entitled to receive, if any, whether or not she has engaged in prohibited competition activity, and whether Plaintiff was reasonable in denying benefits under the Plan" and that "[t]he actual controversy is immediate as Defendant has, on occasion, sought payment of benefits." *Id.* ¶¶ 29-30. The Committee, as the "fiduciary of the Plan," is "expressly authorized by ERISA to bring an action 'to obtain other appropriate equitable relief . . . (ii) to enforce any provisions of this title or the terms of the plan.'" *Id.* ¶ 26 (quoting 29 U.S.C. § 1132(a)(3)).

On December 23, 2014, counsel for Boccella informed the Court that the Superior Court of California issued a decision, denying the motion to compel and finding the arbitration provision in the Employment Agreement substantively unconscionable. *See* Dkt. 28, 14 Civ. 7059. KLS has informed the Court that it has since filed an appeal of that decision. Dkt. 26.

## DISCUSSION

### I.   Applicable Law

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court 'lacks the statutory or constitutional power to adjudicate it.'" *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citing *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)). The Court construes all ambiguities and draws all inferences in the plaintiff's

3

favor. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). But "to survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiffs must allege facts that affirmatively and plausibly suggest that they have standing to sue." *Kiryas Joel Alliance v. Village of Kiryas Joel*, 495 F. App'x 183, 188 (2d Cir. 2012) (internal citations, quotation marks, and alterations omitted).

The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201(a), provided that there is an independent basis for federal jurisdiction. "It is well established that the DJA does not expand the jurisdiction of the federal courts, and a basis for subject matter jurisdiction other than the DJA must be found." *Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 48 F. Supp. 3d 675, 688-89 (S.D.N.Y. 2014).

But here, the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, withholds jurisdiction from the current contours of Plaintiff's action. ERISA "'protect[s] . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and [providing] 'for appropriate remedies, sanctions, and ready access to Federal Courts.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (alterations added) (quoting 29 U.S.C. § 1001(b)). "ERISA carefully enumerates the parties entitled to seek relief under § 502," *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27 (1983), and "courts are not to infer a grant of jurisdiction absent a clear legislative mandate," *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 892 (2d Cir. 1983).

## II.   Analysis

Boccella moves to dismiss the declaratory judgment claim, arguing that the Court lacks

subject matter jurisdiction of the ERISA claim; that the Court lacks personal jurisdiction over

Boccella; and that the Court should abstain from exercising jurisdiction under both *Wilton v.*

*Seven Falls Co.*, 515 U.S. 277 (1995) and *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), as

well as *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976).  Def. Mem.

### A.  Standing under ERISA

Section 502(a)(3) of ERISA provides that "a civil action may be brought . . . by a

participant, beneficiary, or fiduciary" to enjoin violations of ERISA or the terms of the plan, or

"to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any

provisions of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3).  By way of

contrast, section 502(a)(1) allows a participant or beneficiary, but not a fiduciary, to "clarify his

rights to future benefits under the terms of the plan."  A fiduciary has the right to bring suit to

enjoin violations, or to obtain equitable relief in order to redress violations and enforce

provisions of ERISA or the underlying plan, but not to clarify obligations under a plan.  "The

Second Circuit has taken a very strict view of who has standing to bring suits under § 502,

refusing to extend standing beyond the plaintiffs specifically named in ERISA."  *Eastern States*

*Health & Welfare Fund v. Philip Morris, Inc.*, 11 F. Supp. 2d 384, 401 (S.D.N.Y. 1998) (citing

*Pressroom*, 700 F.2d at 891-93).

Defendant moves to dismiss, arguing that Plaintiff does not have standing as a fiduciary

"to seek a declaration that a denial of benefits was proper."  Def. Mem. at 7-10.  Courts have

held that fiduciaries "do not have standing under § 1132(a)(3) to seek clarification of their

obligations under ERISA-governed contracts and that such suits are not actions to 'enforce'

5

ERISA plan terms." *Mem'l Hosp. for Cancer & Allied Diseases v. Empire Blue Cross & Blue Shield*, 1994 WL 132151, at *6 (S.D.N.Y. Apr. 12, 1994). Plaintiff's instant suit does not seek to "enforce" the plan within the meaning of 502(a)(3). *See Conn. Gen. Life Ins. Co. of N.Y. v. Cole*, 821 F. Supp. 193, 197 (S.D.N.Y. 1993) ("[W]e do not believe that through this action plaintiffs are seeking to 'enforce' the terms of their ERISA plan. . . . An action brought solely to clarify one's obligations as [a fiduciary] is *not* a suit to 'enforce' the terms of an ERISA plan.") (internal citations omitted). Fiduciaries are excluded from the section allowing an action to clarify rights under a plan; and so a fiduciary lacks standing to bring such a suit. Accordingly, Plaintiff, as a fiduciary, does not have standing under ERISA to bring this action.

Plaintiff's argument that subject matter jurisdiction exists because ERISA completely preempts relevant state law fails. Pl. Mem. at 8. Under the test established by *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), "claims are completely preempted by ERISA if they are brought (i) by 'an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (ii) under circumstances in which 'there is no other independent legal duty that is implicated by a defendant's actions.'" *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 328 (2d Cir. 2011) (quoting *Davila*, 542 U.S. at 210). As discussed above, Plaintiff cannot bring a claim under section 502(a)(1)(B). Accordingly, complete preemption does not apply to support a finding of subject matter jurisdiction.

### B. Jurisdiction under the Declaratory Judgment Act

Plaintiff asserts that the Court has jurisdiction over this suit pursuant to the well-pleaded complaint rule in the context of the Declaratory Judgment Act, under which the Court assesses whether jurisdiction would exist if the declaratory defendant had brought the apprehended adverse action against the declaratory plaintiff. *See NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*,

6

770 F.3d 1010, 1018 (2d Cir. 2014). Under this rule, Plaintiff argues, the Court has subject matter jurisdiction over this case, because Boccella would have standing to sue Plaintiff to clarify her rights under the Plan. Pl. Mem. at 6-7.

Allowing this argument would rewrite the statute, and under Second Circuit precedent must be rejected. The Second Circuit has held that "[t]his general rule [the well-pleaded complaint rule] is of no avail to appellants [seeking the Court's jurisdiction by way of the Declaratory Judgment Act] because we read *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), to permit ERISA suits, including declaratory judgment actions, only by plaintiffs specified in ERISA § 502(a), and the appellants do not qualify." *Albradco, Inc. v. Bevona*, 982 F.2d 82, 85 (2d Cir. 1992). While *Albradco* confronts a situation where suit was brought by an entity without any standing whatsoever to sue under ERISA, this holding logically applies where an entity entitled to sue under one section of ERISA attempts to sue under another section, pursuant to which it does not have standing. Moreover, "[t]he express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties as to whom Congress presumably determined the right to enter federal court was necessary to further the statute's purpose. [Fiduciary's] declaratory judgment action simply is unnecessary to further the statute's purpose." *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1523-24 (11th Cir. 1987) (internal citation marks and quotations omitted).

Nor does Plaintiff's invocation of section 1331 federal question jurisdiction assist its argument. "Section 502 of ERISA creates a federal right only as to the parties enumerated in the statute; by that logic, parties not included within the statute cannot bring ERISA claims in federal court under § 1331, as they can assert no right arising under federal law." *Metal Lathers Local 46 Pension Fund v. River Ave. Contracting Corp.*, 954 F. Supp. 2d 250, 256 (S.D.N.Y. 2013). It

7

Case 1:14-cv-07033-PAC   Document 28   Filed 05/06/15   Page 8 of 12

logically follows that an enumerated plaintiff, attempting to sue under a provision which does not provide for standing, is not able to assert a right arising under federal law and therefore should not be able to invoke section 1331. Such usage of the well-pleaded complaint rule would render ERISA's strict jurisdictional rules toothless, because it would allow courts to exercise jurisdiction over cases brought by plaintiffs who have not been specifically enabled to sue under ERISA. *See Gulf Life Ins. Co.*, 809 F.2d at 1524 ("Congress did not intend ERISA fiduciaries to use declaratory judgment actions to determine the benefit rights of participants/beneficiaries."). Accordingly, the Court finds that it does not have subject matter jurisdiction over this claim.

### C. Abstention[2]

Even if the Court had jurisdiction over the claim pursuant to the well-pleaded complaint rule for determining jurisdiction under the Declaratory Judgment Act, (and it does not), "[t]he permissive language of the Declaratory Judgment Act has been 'consistently' interpreted . . . as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear.'" *Arakelian v. Omnicare*, 735 F. Supp. 2d 22, 40 (S.D.N.Y. 2010) (citing *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003)). Plaintiff's argument that abstention under the *Wilton-Brillhart* doctrine is inapplicable because of a lack of uniformity between Boccella's California suit and the instant suit, Pl. Mem. at 9-13, is both meritless and overlooks the principle that the exercise of jurisdiction under the Declaratory Judgment Action is discretionary, regardless of the existence of a pending state suit. Indeed, "[i]n exercising its discretion, the Court must look at more than just the mechanical application of the declaratory judgment standard. The Court must look at the litigation situation

---

[2] Because the Court abstains from exercising jurisdiction over this Declaratory Judgment Act claim, the Court need not address the argument that the Court does not have personal jurisdiction over Boccella.

8

as a whole in determining whether it is appropriate for the Court to exercise its jurisdiction over the declaratory judgment action before it." *242 Partners, L.P. v. Sean Gelb*, 2012 WL 2309060, at *3 (S.D.N.Y. June 18, 2012) (quoting *Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 585 (S.D.N.Y. 1990)) (internal quotation marks and alterations omitted).

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). An examination of the litigation situation here, as well as of the *Wilton-Brillhart* factors, demonstrates that the exercise of jurisdiction here would be misguided. The *Wilton-Brillhart*[3] factors suggest that, when deciding whether to abstain because of a pending state action, courts look to:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding; (5) avoiding duplicative proceedings; (6) avoiding forum shopping; (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law.

*Glenclova Inv. Co. v. Trans-Resources, Inc.*, 874 F. Supp. 2d 292, 307 (S.D.N.Y. 2012) (internal citations omitted).

Plaintiff urges the Court not to abstain because both the parties and the issues in the two suits are not parallel. But *Wilton-Brillhart* has no parallelism requirement. *Wilton* speaks only

---

[3] This doctrine originates from the holdings in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). In *Wilton*, the Supreme Court "endorse[d] the factors enunciated in *Brillhart*," and "left open the possibility of new factors also being relevant to the abstention analysis." *TIG Ins. Co. v. Fairchild Corp.*, 2008 WL 2198087, at *2 (S.D.N.Y. May 27, 2008) (citing *Wilton* and *Brillhart*).

of suits pending in state court "involving the same parties and presenting opportunity for ventilation of the same state law issues." *Wilton*, 515 U.S. at 283. That standard is clearly met here.

Both suits have the same "parties in interest." The Plan is maintained by KLS and administered by non-employee directors and the Chief Executive Officer of KLS; beneficiaries of the plan are given the "status of an unsecured general creditor of KLS;" and benefits paid under the Plan are paid by KLS. Pl. Mem. at 2-5; *see, e.g., Linder v. BYK-Chemie USA, Inc.*, 2006 WL 648206, at *12 (D. Conn. 2006) (unfunded top-hat plan funded by general assets of employer is real party in interest and Plan is merely nominal defendant). The relationship between Plaintiff and KLS is more than sufficient for the application of *Wilton-Brillhart*.

Likewise, both suits present the opportunity for "ventilation" of the same state law issues. Plaintiff describes the state action as only concerning "the enforceability of [Boccella's] Employment Agreement with KLS under California law for purposes of her ability to work for a competing employer, and to solicit clients of KLS and KLS employees" and argues that the Plan is a "completely separate" document. Pl. Mem. at 11-13. This is not accurate. Boccella's receipt of benefits from the Plan appears to be contingent on compliance with the Employment Agreement, the enforceability of which is at issue in the California action. Accordingly, the outcome of both suits hinges on the validity and enforceability of the Employment Agreement.

Plaintiff also argues that the *Wilton-Brillhart* choice of law factor weighs against abstention because "the law applicable to the effect and enforceability of both of the respective documents does not . . . involve inextricably intertwined legal issues of state law and state public policy." Pl. Mem. at 12 (internal citations and quotation marks omitted). According to Plaintiffs, ERISA preempts state law and so this action involves exclusively federal questions,

10

while the California suit involves exclusively state law questions. But "many courts, after weighing all the pertinent factors, have deemed it proper to abstain from jurisdiction even where a federal question exists," particularly because "an ERISA benefit claim does not present a novel issue of federal law which all but demands that the federal court hear the case." *Machat v. Sklar*, 1997 WL 599384, at *4 (S.D.N.Y. 1997) (internal citations and quotation marks omitted). Plaintiff's argument also fails because state law is applicable to the interpretation of the contractual provisions in the Employment Agreement.

The balance of the remaining factors supports abstention. The scope of the California suit is such that resolution there will substantially resolve the issues here. Plaintiff may be joined in the California suit. While it is true that Plaintiff may maintain a claim depending on the resolution of the California action, this is not a strong enough concern to overcome the factors weighing in favor of abstention. Litigation in the California court preserves judicial resources, particularly in light of the fact that the California suit was filed first and the California court has already issued an order denying KLS's motion to compel. The convenience of the parties supports the California suit—Boccella is located in California, and Plaintiff cannot argue that California is an inconvenient forum when it operates an office there.

Finally, the Court notes that abstention is prudent here to ensure that Plaintiff does not benefit from forum shopping. Plaintiff's and KLS's litigation choices demonstrate not only a scorched-earth approach in their relationship with Boccella, but also a thinly-veiled desire to avoid the application of California law to its employment contracts. Boccella lives and works in California, and now faces two separate litigations in federal court in New York. The "reactive" nature of Plaintiff's suit, and the appearance of forum-shopping demonstrated by Plaintiff's litigation strategy, weighs heavily in favor of abstention. *See, e.g., NGS*, 218 F.3d at 523 (noting

11

that "[s]ome courts have taken the abstention route to thwart procedural fencing in the ERISA context.") (citing cases).

Plaintiff does not expressly have standing under ERISA to bring this suit. Even if Plaintiff has standing by means of the operation of the well-pleaded complaint rule in the context of the Declaratory Judgment Act, the Court possesses "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. The Court abstains from whatever jurisdiction it has in this case.

## CONCLUSION

For the foregoing reasons, Boccella's motion to dismiss the complaint is granted. The Court lacks subject matter jurisdiction and the Court abstains from exercising jurisdiction over this matter. The Clerk of Court is directed to close this case.

Dated: New York, New York
May 5, 2015

SO ORDERED

PAUL A. CROTTY
United States District Judge

12